# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-864V

|  |  |
|---|---|
| JOHN A. RAFTER, JR.,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2026 |

*Julia Wernett McInerny, Mctlaw, Washington, D.C., for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 21, 2025, John A. Rafter, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 23, 2023. Petition at ¶¶ 1, 27. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 4, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 2, 2026, Respondent filed a Rule 4(c) Report and Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,222.74, consisting of $50,000.00 for pain and suffering and $222.74 in past unreimbursable expenses. Proffer at 5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,222.74, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JOHN A. RAFTER, JR.,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 25-864V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S RULE 4(c) REPORT AND**
**PROFFER OF COMPENSATION**

On May 21, 2025, John A. Rafter, Jr. ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), as amended, alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), resulting from an influenza ("flu") vaccine administered on October 23, 2023.  ECF No. 1 at 1, 7.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as a responsive report.  Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition, medical records, and affidavit filed in the case.  Their opinion is that this case is appropriate for compensation under the terms of the Vaccine Act.

## FACTUAL SUMMARY

I.      Pre-Vaccination History

At the time of vaccination, petitioner was a 67-year-old retired attorney, whose exercise regimen included tennis, basketball, weightlifting, and skiing.  *See* Exhibit ("Ex.") 4 at 34.  Prior to vaccination, he was seeing a chiropractor for various issues, including wrist, knee, and lower back pain.  *See generally* Ex. 3 at 35-118.  However, he had no documented history of left shoulder issues.  *See id.*; *see also* Ex. 8 at 184.

II.     Vaccination

On October 23, 2023, petitioner visited his local pharmacy and received a flu vaccine in his left deltoid.  Ex. 1 at 4-5.  He also received a COVID vaccine in his right deltoid during this same vaccination appointment.[1]

III.    Onset

On November 27, 2023, 34 days after his vaccination, petitioner saw his chiropractor to report a "constant…shooting discomfort in the side of the left shoulder."  Ex. 3 at 34.  He exhibited weakness and reduced joint mobility on exam and received a chiropractic adjustment to the left shoulder.  *Id.*

IV.     Treatment

Petitioner reiterated his shoulder complaints during additional chiropractic sessions on November 30 and December 4, 2023.  Ex. 3 at 32-33.

On December 5, 2023, petitioner saw his primary care provider ("PCP") for "[l]eft shoulder pain after getting [a] Flu shot from a pharmacy in mid October."  Ex. 8 at 154.  Petitioner stated that his symptoms "started on 10/23/23 [after he] got his flu and COVID shot."

---

[1] Petitioner does not allege any injury to his right deltoid and does not raise any claims related to the COVID vaccine.  *See* Petition at 1.

2

*Id*. at 155 (also noting that petitioner was "working out a few days later with dumbbells overhead pressing and curls; and ha[d] pain since then"). Petitioner denied any numbness or tingling but described pain in his left deltoid, which radiated to his elbow. *Id*. He exhibited positive impingement signs and reduced range of motion ("ROM") on exam. *Id*. at 157. Petitioner underwent an x-ray and ultrasound, which showed rotator cuff tendinopathy and mild degenerative findings. *Id*. at 149, 153, 155-56. Petitioner's PCP reviewed the imaging results and noted that SIRVA was a possible diagnosis, given the timing of petitioner's symptoms and the significant amount of fluid found in his biceps tendon sheath. *Id*. at 155. He recommended activity modifications as needed and referred petitioner to physical therapy ("PT"). *Id*. at 156.

Petitioner began a course of PT on January 31, 2024, telling his therapist that he "had a flu shot on October 23[rd] [and] noticed that he was sore after the shot, especially when completing exercise the following day." Ex. 4 at 27. His "pain was going down his arm [but] seemed to gravitate around his shoulder. His shoulder was bothering him for about a month before seeking care." *Id*. Petitioner reported no pain (0/10) during his initial session but noted that his pain could rise to a level of 5/10 at its worst. *Id*. at 28. Petitioner's therapist documented ROM deficits, shoulder stiffness, and pain, and recommended twice-weekly PT. *Id*. at 29-30.

Petitioner remained "worried about SIRVA" and returned to his PCP for follow-up care on March 7, 2024. Ex. 8 at 110. Petitioner's PCP ordered an MRI, which revealed low-grade bursal fraying, mild osteoarthrosis, and a small amount of joint fluid and inflammation. *Id*. at 66-67, 84-87. At a follow-up visit on May 16, 2024, petitioner reported "some decrease in pain" and greater ROM, but he agreed to undergo a steroid injection based on his residual symptoms. *Id*. at 66.

3

Petitioner attended 15 PT sessions through May 2024—roughly seven months post-vaccination.  *See generally* Ex. 4.  At his final session on May 23, 2024, petitioner reported improved ROM and "no pain in the shoulder."  *Id*. at 126.

In addition to his formal PT, petitioner continued to see his chiropractor, where he referenced left shoulder pain in addition to other ailments.  *See generally* Exs. 3, 11, and 12.  He received 28 chiropractic adjustments on his left shoulder through February 2025.  *Id*.

During his last documented physical on January 22, 2025, petitioner indicated that his left shoulder was "doing better."  Ex. 13 at 24.  He has not filed records of any additional treatment.

V.      Duration of Injury

Petitioner received treatment for his left shoulder through February 2025, approximately 16 months after his vaccination.

VI.     Summary of Treatment

Over the course of 16 months, petitioner underwent the following treatment for his SIRVA:

- 15 sessions of physical therapy;
- one steroid injection; and
- 28 chiropractic adjustments.

**ANALYSIS**

As noted above, DICP has reviewed the petition, medical records, and declaration filed in this case and has concluded that compensation is appropriate.  DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table.  Specifically, petitioner had no history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an

4

intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

The scope of damages to be awarded is limited to petitioner's left SIRVA and its related sequelae only.

**PROFFER**

I.      Items of Compensation

A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $50,000.00 in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $222.74. Petitioner agrees.

II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $50,222.74, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, John A. Rafter, Jr. Petitioner agrees.

5

**CONCLUSION**

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a left-sided SIRVA occurring within the Table timeframe following petitioner's October 23, 2023 flu vaccination, and that the court award $50,222.74 for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

CAMILLE M. COLLETT
Senior Trial Attorney
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

DATE: February 2, 2026