# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-864V**

JOHN A. RAFTER, JR.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: October 5, 2026

*Julia Wernett McInerny, mctlaw, Washington, D.C., for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON RECONSIDERATION GRANTING ATTORNEY'S FEES AND COSTS[1]

On May 21, 2025, John A. Rafter, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine he received on October 23, 2023. Petition, ECF No. 1. On February 4, 2026, I issued a ruling on entitlement finding Petitioner entitled to compensation, (ECF No. 27), and a decision awarding compensation based on the Respondent's proffer. ECF No. 28.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner subsequently filed a motion for attorney's fees and costs. Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed July 2, 2026, ECF No. 35. Petitioner requested a total of $67,539.15 (representing $65,233.00 in fees plus $2,306.15 in costs. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 35-4.

I issued a decision awarding Petitioner's motion in part thereafter. *See* Decision, dated Aug. 11, 2026 (ECF No. 38) ("Decision"). On September 1, 2026, Petitioner moved for reconsideration of my fees decision. Motion, dated Sept. 10, 2026 (ECF No. 39) ("Mot. for Reconsideration"). Petitioner requests that I reconsider the rate reduction for Ms. McInerny's requested hourly rates of $610.00 for 2025 and $658.00 for 2026. Petitioner argues that "[a]warding her requested rates in full appropriately reflects her over thirty years of elite litigation experience, specialized public health expertise, and extensive contributions to the Vaccine Program." *See* Mot. for Reconsideration at 39. I granted the Motion and ordered the Decision to be withdrawn. Order, dated Sept. 2, 2026 (ECF No. 40). Respondent did not file a response. This is the revised fees and costs decision issued in light of that Order.

For the reasons set forth below, I hereby award a revised amount of fees and costs in the total requested sum of **$67,539.15**.

## ANALYSIS

### I. Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. Id. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Ms. McInerny is a Partner at mctlaw, a 19-attorney firm maintaining offices in Washington, D.C., Sarasota, FL, and Seattle, WA. Ex. 21 ¶6. Ms. McInerny is employed in the firm's DC office - a jurisdiction that has been deemed "in forum." Accordingly, she should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). After reviewing Petitioner's Motion for Reconsideration and considering the extensive experience Ms. McInerny has in both the Vaccine Program and her overall legal experience, the quality of her work, and her reputation in the legal community and community at large, I agree that her requested hourly rates are reasonable and in accordance with the rates granted to attorneys with her level of experience and quality of work. Thus, I will award Ms. McInerny her requested hourly rates of $610.00 for 2025, and $658.00 for 2026.

I have otherwise reviewed the billing records submitted with Petitioner's request. The rates requested for work performed in 2024-25 by attorneys Jessica Olins and Haroun Rahimi are reasonable and consistent with our prior determinations, and are therefore awarded. Petitioner has also requested the hourly rate of $572.00 for 2025 work performed by managing partner Altom Maglio. I find this rate to be reasonable as well. And I make no adjustments to the hours devoted to the matter.

## II. Attorney Costs

Petitioner has provided all supporting documentation for all claimed costs. ECF No. 35-3 at 1-46. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded fees and costs in the total amount of $67,539.15 (representing $65,233.00 in fees plus $2,306.15 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.